IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

BETTY GAIL DIETZ and          )
ALBERT DIETZ                  )
                              )          Civil Action No. 06-689
            Plaintiffs,       )
      v.                      )          Judge David S. Cercone
                              )          Magistrate Judge Lisa Pupo Lenihan
CELEBRITY CRUISES, INC.       )
                              )
            Defendant.        )

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that this Court remand the above action to the

Court of Common Pleas of Allegheny County, Pennsylvania.  It is further recommended that

Plaintiffs' request for costs/fees in connection herewith be denied.

### II.  REPORT

#### A.  Background

This action was commenced more than a year ago, on June 7, 2005, in the Court of

Common Pleas of Allegheny County, Pennsylvania (the "State Court").  Plaintiffs' claims of

negligence, strict liability, loss of consortium and punitive damages against Defendant arise

from gastrointestinal illness (salmonella) alleged in connection with Plaintiffs' holiday on

Defendant's cruise vessel in mid-June, 2004.

Plaintiffs reside in Sewickley, Allegheny County, Pennsylvania; Defendant is a

Liberian corporation with its principal place of business in Miami, Florida.  The *pro forma*

language of the Complaint alleges only damages "in an amount in excess of the jurisdictional limits . . . ."   Preliminary Objections - premised largely on the forum selection clause in certain of Defendant's document(s) - were filed by Defendant in mid-December, 2005, and rejected by the State Court on March 3, 2006.  There followed Defendant's Answer and New Matter, Plaintiffs' Reply, and Defendant's Requests for Admission, with the last of these pleadings filed on March 29, 2006.  The admissions requested by Defendant included acknowledgments that Plaintiffs are Pennsylvania residents and that the amount in controversy is over $75,000, *i.e.*, grounds for federal diversity jurisdiction under 28 U.S.C. § 1332(a).

On May 26, 2006, Defendant filed its Notice of Removal, at which time Plaintiffs had not responded to Defendant's Requests for Admissions.  The Notice of Removal asserts that, by failing to answer the Requests within the thirty (30) day period prescribed by Pennsylvania Rule of Civil Procedure 4014(b), Plaintiffs are deemed to have admitted - as of the answer due date of May 1, 2006 - the facts necessary to federal diversity jurisdiction.[1]  It further asserts that its May 26, 2006 Notice of Removal was thus appropriately filed within thirty (30) days of Defendant's receipt of "other paper" sufficient to establish diversity in accordance with 28 U.S.C. § 1446(b).

---

1.  See Notice of Removal at ¶¶ 4-13; id. at ¶ 5 (observing that, under Rule 4014(b), requests are deemed admitted unless an answer is served within 30 days).

Plaintiffs' Motion to Remand to State Court was filed on June 26, 2006.  In it, Plaintiffs assert that the Removal suffers certain fatal procedural defects.[2]  More particularly, the Motion to Remand complains that (1) the Notice of Removal failed to attach a copy of the State Court's Order denying Defendant's Preliminary Objections as required under 28 U.S.C. § 1446(a), and (2) a copy of said Notice was not filed with the Clerk of the State Court as required under 28 U.S.C. § 1446(d).[3]  The remaining substance of Plaintiffs' Motion to Remand is its observation that, under Allegheny County practice, Requests for Admission "are not self-executing" and its rather cryptic assertion that "[t]o the extent that Defendant now asserts the amount in controversy is now [sic] more than $75,000, the Court must decide whether that is an appropriate present valuation or was appropriate at the time the Complaint

---

2.  Plaintiffs take care to note that this filing was within the thirty (30) days allowed for a Motion to Remand premised on procedural defect(s).  See Motion to Remand at ¶ 3; 28 U.S.C. § 1447(c).

3.  As discussed *infra*, this Recommendation is not premised on, and so need not decide, these questions of procedural defect raised by Plaintiffs.  The Court notes, however, that its initial research suggests such defects are correctable/curable without  affecting the timeliness of Defendant's removal filing.  See, *e.g.*, USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 205 n. 11 (3d Cir. 2001) (approving district court's allowance of amendment to notice of removal and discussing general case law permitting correction/amplification in accordance with liberal pleading rules, so long as amendment does not seek to raise new basis for jurisdiction); Wilson v. Avis Rent-a-Car System, Inc., 1993 WL 256697 (E.D. Pa. 1993) (allowing amendment of technically deficient notice of removal where evidence suggested clerical error).  This approach is also most consistent with the generally applicable legal maxim *de minimis non curat lex*.  Compare Motion to Remand at ¶ 5 (asserting that "[t]he defect in the Notice of Removal may not be cured by filing a *second* Notice of Removal" owing to expiration of the one-year  limitation on diversity-based removals) (emphasis added).  Cf. Defendant's Response in Objection at ¶ 7 (referencing evidence that Notice of Removal was filed with State Court, thus suggesting clerical/docketing error as to second of these asserted  procedural defects).

was served on Defendant."[4]  Plaintiffs request remand and "just costs and any actual

expenses, including attorney fees as a result of the removal" in accordance with 28 U.S.C. §

1447. Defendant's Response in Opposition was filed on July 13, 2006.

---

    4.  Although Plaintiffs provided no supportive analysis or case law, the Court has considered their implicit suggestion that Defendant's removal was time-barred if the Complaint  provided sufficient notice of potential damages to trigger the 30-day removal provisions of 28 U.S.C. § 1446(b).  The Court notes that cases so holding  are distinguishable in their specification of monetary damages, and/or the nature and/or extent/severity of the damages alleged.  See, e.g., Garofalo v. Medtronic Inc., 1997 WL 1049566 (D.N.J. 1997) (holding severity of injuries sufficient to put defendant on notice where complaint alleged that defective pacemaker caused "significant disfigurement, permanent loss . . . [and] permanent consequential limitation of use of a body function or system" and present and future "great pain and suffering"); Dempsey v. Federal Express Corp., 2001 WL 1356505 (E.D. Pa. Nov. 2, 2001) (denying motion to remand where complaint alleged damages in excess of $50,000, and "lost wages, pain and suffering, damage to lower back and a permanent physical disability with reduced earning capacity").  Cf. Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48, 53 (3d Cir. 1993) (citing with approval Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992) (adopting bright-line rule requiring plaintiff who wished to trigger 30-day to include specific allegation of damages in excess of federal jurisdictional amount in initial pleading)), overruled on other grounds as recognized in Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).

    The Court therefore concludes it unnecessary to undertake a detailed discussion of the general tensions between (1) federal diversity requirements and state pleading rules and (2) cases applying a legal certainty versus a preponderance of the evidence standard in assessing diversity jurisdiction.  See generally Removal of Diversity Actions When the Amount in Controversy Cannot Be Determined From the Face of Plaintiff's Complaint, 62 Missouri L. Rev. 681 (Fall 1997) (surveying both of these considerations); Irving v. Allstate Indemnity Co., 97 F.Supp.2d 653, 654 (E.D. Pa. 2000) (noting that courts are "unencumbered by consistency" in characterizing defendant's evidentiary burden).  It notes only that neither the Complaint (as now suggested by Plaintiff) nor Plaintiff's subsequent discovery conduct (as suggested by Defendant) provides sufficient basis to establish jurisdiction under either standard.  See also discussion infra.  Cf. Buchanan v. Lott, 255 F.2d 326, (D.N.J. 2003) (holding that defendant failed to establish minimum amount in controversy under either standard where plaintiff suffered injuries in automobile accident); Penn v. Wal-Mart Stores, Inc., 116 F.Supp.2d 557 (D.N.J. 2000) (holding that allegations of severe injuries requiring medical treatment, continuing pain, and loss of consortium were insufficient to establish preponderance likelihood of minimum damages).

**B.  Analysis**

As the parties acknowledge, the right to remove a state court action to federal court on diversity grounds is statutory.  See Little York Gold-Washing & Water Co. v. Keyes, 96 U.S. 199, 201 (1877).  And it must therefore be invoked in strict conformity with the statutory requirements.  See Shamrock Oil & Gas Corp. V. Sheets, 313 U.S. 100, 108 (1941) (holding that, in light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving states' independence, federal courts construe the removal statute narrowly, resolving any doubts against removability); Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 76 (1941).  See generally 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.157 at 33-34; 38 (2d ed. 1989).

The  removal of this action to this Court on the basis of diversity jurisdiction is governed by the provisions of 28 U.S.C. § 1446(b), which requires that:

> The Notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial proceeding is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

The action is also governed by the statutory provisions setting a one-year outside time limit on removals based on diversity jurisdiction.[5]

---

5.  See 28 U.S.C. § 1446(b) (providing that "a case may not be removed on the basis of jurisdiction conferred by section 1332 [diversity] more than 1 year after commencement of the action").

Having considered Plaintiffs' arguments that this case should be remanded owing to (1) provision-of-copy defects in Defendant's filing and/or (2) time-bar based on the allegations of the Complaint, see *supra* text at notes 3 & 4,[6] the Court now addresses the grounds for removal proffered by Defendant, *i.e.*, Plaintiff's failure to timely respond to Defendant's Requests for Admission.

The novelty of Defendant's argument is surpassed only by its over-reaching.  A non-receipt is, indeed, a *non*-receipt and a *purported waiver* is not an "other paper".[7]  Despite the general unhelpfulness of the parties' filings in this regard, it appears clear from the statutory and case law that Defendant has not met its express burden, *i.e.*, the establishment of the basis for federal diversity-based subject matter jurisdiction as required under the

---

6. In addressing the standard for determining a sufficient basis for federal diversity jurisdiction, the Third Circuit has held that "[t]he inquiry begins and ends with the four corners of the pleading [and is] succinct: whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48, 53 (3d Cir. 1993).  See also id. (rejecting prior "subjective inquiry" cases and holding that by the terms of the statute, "the relevant test is not what the defendants . . .  knew, but what [the] documents said").

As discussed *supra*, Plaintiff's Complaint in this case, electively couched in nebulous damage terms and alleging a limited scope of injury as noted above, was insufficient to start the clock on a 30-day removal period.  Cf. Rowe v. Marder, 750 F.Supp. 718, 721 (W.D. Pa. 1990) (holding that initial pleading with unspecified damages did not begin  removal period, even if defendant probably knew that jurisdictional minimum would be exceeded), affirmed, 935 F.2d 1282 (3d Cir. 1991).

7. See MP III Holdings v. Hartford Cas. Ins. Co., 2005 WL 1320127, **4-5 (E.D. Pa. May 31, 2005) (defining "other paper" as "court-filed documents providing adequate notice of federal jurisdiction"); id. (also emphasizing the language of 1446(b) requiring "receipt by the defendant" of plaintiff's notice).  See also Marchiori v. Vanguard Car Rental USA, Inc., 2006 WL 724445, *2 (E.D. Pa. Mar. 17, 2006) (noting that "[t]here is no Third Circuit opinion on what constitutes 'other paper'" but concluding that plaintiff's answer to defendant's first request for admissions undisputably qualifies).

applicable statutory provisions.  See <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936) (holding that prerequisites for exercise of federal jurisdiction are specifically defined and are conditions which must be met by party who claims that power of the court should be exerted in its behalf); <u>Samuel-Bassett v. KIA Motors Am. Inc.</u>, 357 F.3d 393, 396 (3d Cir. 2004) (noting that party asserting jurisdiction bears burden of showing that action is properly before federal court and statute governing removal must be strictly construed against it); <u>Packard v. Provident Nat'l Bank</u>, 994 F.2d 1039 (3d Cir. 1993) (observing that diversity statute must be narrowly construed).

　　　　More particularly, it is clear that it would be inappropriate for this Court to premise an extension of its purposefully and expressly limited federal jurisdiction on nothing more than a plaintiff's delinquent discovery conduct in a case pending in state court these past 15 months.  For approximately a century, voluntariness - *i.e.*, a plaintiff's right, absent a fraudulent purpose, to determine the removability of his case - has been a foundational principle of the doctrine.  See <u>Great Northern Ry. Co. v. Alexander</u>, 246 U.S. 276 (1918) (holding that case which is non-removable on complaint cannot be made removable by defendant's evidence or an order of court upon a contested issue, but only by plaintiff's voluntary amendment of pleadings); <u>id.</u> at 282 (explaining that "the obvious principle of [prior] decisions" is that a plaintiff may determine the status of his case with respect to removability "and that this power . . . continues with the plaintiff throughout the litigation"); <u>Insing v. LaBella</u>, 845 F.2d 249, 252 (11th Cir. 1988)(discussing the continuing applicablity of the historic voluntary-involuntary rule and the underlying policies favoring plaintiff's right - absent fraud - to determine removability).

Defendant's assertions to the contrary notwithstanding, the amount in controversy is appropriately regarded as a jurisdictional issue which cannot be waived.  See Laughlin v. Kmart Corp., 50 F.3d 871, 874 (10th Cir. 1995) (noting that jurisdiction cannot be conceded); *Removal of Diversity Actions*, 62 Missouri L. Rev.  at 736 & n. 197 (noting that amount in controversy cannot be waived).  Cf. id. (discussing Shaw v. Dow Brands, Inc., 994 F.2d 362 (7th Cir. 1993), which other Courts of Appeals have criticized as allowing a waiver of the amount in controversy, and explaining that decision was premised on plaintiff's voluntary representation - in signed initial brief to Circuit Court - that amount in controversy was in excess of federal minimum, which representation plaintiff later attempted to controvert).

In declining to find sufficient evidence of the establishment of its jurisdiction, the Court also notes that Defendant failed to advance the case as expeditiously and directly toward a determination of the facts relevant to diversity jurisdiction as it might have.  And, relatedly, it rejects any prospective argument that the vagaries of Plaintiffs' damages language presented Defendant with a Hobson's choice, *i.e.*, if it sought removal without sufficient basis, it could be held premature; if it failed to seek removal on what a Court deemed sufficient grounds, it could be time-barred.  See generally id.  Defendant knew, or should have known, of the one-year outside limitation on a diversity- based removal to federal court.  It apparently was uncertain of the potential scope of  damages encompassed by the Complaint.  Yet it delayed filing Preliminary Objections for more than six months and made no attempt to ascertain additional information  relevant to an affirmative showing of federal diversity jurisdiction for more than nine months.  Defendant was surely aware of the discovery/pleading opportunities available to it in State Court throughout this time.  See id.

(noting that a defendant may clarify damages through, *e.g.*, interrogatories) (citing <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 161 (5th Cir. 1992));  <u>Foster</u>, 986 F.2d at54 (noting the availability of the motion to compel to defendants desiring additional information affecting a removal decision).  Cf. <u>Lupo v. Human Affairs Int'l, Inc.</u>, 28 F.3d 269, 275 (2d Cir. 1994) (noting that "[r]emoval procedures seek a rapid determination of the proper forum for adjudicating an action"); <u>id.</u> at 273-72 (concluding that "if the jurisdictional amount is not clearly alleged in the complaint and defendant's  notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, the federal court lacks diversity jurisdiction").

Finally, Plaintiffs have included in their Motion a request for costs and expenses in connection with Defendant's removal.  Under 28 U.S.C. § 1447(c), this Court has discretion to order such payment in the case of an improvident removal**.**  In that Plaintiffs' State Court delinquency contributed to Defendant's removal (by providing an articulable and advanceable, if ill-founded, basis) and Plaintiffs' brief Motion to Remand does not suggest a significant investment of time in response, the Court should deny this request.  See <u>Siebert v. Norwest Bank Minnesota</u>, 2006 WL 279236 (3d Cir. Feb. 7, 2006) (affirming, under abuse of discretion standard, district court's denial of plaintiff's request for removal fees)**;** <u>id.</u> (citing <u>Mints v. Educ. Testing Serv.</u>, 99 F.3d 1253, 1260 (3d Cir. 1996) for proposition that "district courts have broad discretion in fee awards under § 1447(c)); <u>id.</u> (noting bad faith and frivolity as appropriate considerations and directing that district courts are to consider "the circumstances of the case").

III.  **CONCLUSION**

It is therefore recommended that (1) the Court decline Defendant's invitation to find Plaintiffs to have waived jurisdiction by their State Court discovery conduct and (2) the case be remanded to State Court for lack of jurisdiction, as aforesaid.  It is further recommended that Plaintiffs' request for costs/fees be denied.

In accordance with the Magistrates Act,  28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file Objections to this Report and Recommendation.  Any party opposing the Objections shall have seven (7) days from the date of service of Objections to respond thereto.  Failure to file timely Objections may constitute a waiver of any appellate rights.

 /s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

Dated: September 18, 2006

cc:  Hon. David S. Cercone

      All Counsel of Record